HENRY C. PITNEY, JOHN R. EMERY, ALFRED REED,
FREDERIC W. STEVENS, MARTIN P. GREY AND
EUGENE STEVENSON, VICE-CHANCELLORS.

---

THE NEW JERSEY JUNCTION RAILROAD COMPANY et al.

*v.*

AARON N. WOODWARD et al.

[Filed October 27th, 1900.]

Upon an order to show cause heard on bill, answer and affidavits, complainants, who are railroad companies, ask an injunction restraining defendants from interfering with their occupation of a small tract of land upon which they had laid a track in extension and continuation of a freight siding upon land admittedly owned by them. Complainants had a paper title to said small tract and claimed to be its owners. Defendants also had a paper title thereto and claimed to be its owners.—*Held*, that

(1)

a case for interference by injunction was not made out: (1) because although complainants are common carriers of freight and have used the track in question from time to time in the performance of their duties as common carriers, its use is not essential to the performance of such duties and the deprivation of its use will not seriously impede them in such performance, and complainants do not offer to take the land or to proceed to condemn defendants' interest therein; and (2) because it appears by the affidavits and without contradiction that the track in question had been laid on said land by the license of defendants' predecessor in title who was in possession thereof, which license had been revoked and the respective claimants to ownership had been thereby remitted to their original *status*, and it did not appear that what defendants proposed to do upon said land would cause irreparable injury to complainants or any injury for which they would not be adequately compensated in an action at law.

*Mr. James B. Vredenburgh,* for the order.

*Mr. James E. Howell, contra.*

MAGIE, CHANCELLOR.

I have reached the conclusion that the order to show cause should be discharged and the *ad interim* restraining order should be vacated.

The complainants, or one of them, have a paper title to the land in question. The defendants, or some of them, also have a paper title to the same land. There has obviously been an overlapping of surveys and recorded maps involving that land, and which party has the better title is a question which cannot be determined in this court, but must be settled in an action at law.

While this court cannot adjudicate upon the legal title of the parties, it may, and often does, interpose its restraining power to protect the possession of one party pending resort to the law courts for an adjudication as to title. As was said by Vice-Chancellor Van Fleet: "There are cases in which it is the duty of the court of equity to interpose for the protection of the property in dispute pending the determination of the litigation of a legal title. In such cases the court does not take jurisdiction for the purpose of settling the rights of the parties, but simply to preserve the property until the legal title to it is established." *Fulton* v. *Greacen, 9 Stew. Eq. 216.*

Is there a case presented which shows that a duty devolves on this court to stay defendants from proceeding to do what they admit they design to do if not stayed?

By the pleadings and affidavits used on the hearing of this order it appears that the New Jersey Junction Railroad Company, in 1887, put upon the disputed tract a line of rails, in continuation of a siding built upon land concededly belonging to it, and that those rails were used to station freight cars and deliver freight therefrom.

It further appears that the tracks were laid upon the disputed land at the request, and therefore by the license, of one Fearis, from whom defendants claim title, and were first used to deliver to him upon that land carloads of stone, in which Fearis, was dealing, using the land adjoining, which was concededly his, for its storage. The tracks were also used by complainants for the delivery of general freight from their freight cars.

It further appears that defendants having acquired Fearis' title, have lately torn up complainants' tracks, and its "butting block" upon the disputed land, and cut in two and removed therefrom the one-half of a freight car of complainants, which was placed thereon, and that they have driven piles and threaten to erect a building thereon which will entirely exclude complainants from any use of the land.

It is insisted that the case so presented falls within the sixth head in the classification of the jurisdiction of chancery in respect to injunctive relief in such cases, announced in the opinion of Mr. Justice Dixon in *Hart v. Leonard, 15 Stew. Eq. 416.* Under that head is classified "cases where the object of the bill is to prevent an injury which will be destructive of the inheritance, or which equity deems irreparable, *i. e.,* one for which the damages that may be recovered according to legal rules do not afford adequate compensation."

If the parties were owners of adjoining lands, disputing over the true boundary line between them, the invasion of one over the boundary claimed and possessed by the other, and the threat to erect a building thereon, would justify an injunction. *Southmayd v. McLaughlin, 9 C. E. Gr. 181.*

But complainants assert a right to relief by a preliminary

injunction not merely as adjoining owners whose boundary line is in dispute. They are common carriers of freight and passengers. The New Jersey Junction Railroad Company built the road under proper authority for that purpose. The other complainant, by like due authority, holds and operates the road under lease. If the part of the siding lying upon the disputed land were essential, or only reasonably required for the performance of complainants' duty as common carriers, a strong case would be made for their protection pending the determination of a proceeding at law to determine the legal title claimed by them.

Nor do I think that an injunction should be withheld upon defendants' claim that by their acts in removing the track they have taken possession of the disputed tract. If complainants were in lawful possession, defendants' acts were mere trespasses. But those acts, and acts which they threaten to do will, temporarily at least, prevent the use of the tracks which complainants have heretofore had for nearly thirteen years. The case does not fall within the class of trespasses and possession acquired thereby, dealt with in *Breckenridge* v. *Delaware, Lackawanna and Western Railroad Co.*, where the possession acquired in no respect hindered or impeded the operation of the railroad. *10 Dick. Ch. Rep. 141; S. C., 10 Dick. Ch. Rep. 593; 11 Dick. Ch. Rep. 595.*

But the affidavits fail to convince me that what defendants have done and threaten to do will seriously interfere with complainants' performance of their duty as common carriers. The siding on complainants' land will amply enable them to perform their duties.

It has not been contended that complainants desire to exert any power to condemn the disputed land in case it be determined that they have no legal title thereto, if they possess such power. There is nothing in the bill making such claim to relief.

Whether complainants be considered as owners and possessors of land, or as common carriers using land now invaded by defendants, the case presented must be disposed of by considering how their possession was acquired. Upon the uncon-

tradicted affidavits of defendants, the track was laid upon the disputed land by the mere license of one who claimed to be the owner, and who had such possession thereof as was possible. It was low marshy land, which had been filled in by him, and the land claimed by him was marked by stakes. The license conferred by him was, of course, revocable, and it is plain that it was revoked and complainants were directed to remove the tracks.

Upon these facts, complainants' possession was by a license now revoked, and to protect a possession thus acquired, I think an injunction should not issue. The fact that the occupation was by license will not prevent complainants recovering possession, if they establish the title at law, but it justly deprives them of any claim to the protection of a possession which was thus acquired and the license justifying which has been withdrawn.

It may be added that it is not perceived that any injury will be inflicted on complainants which will not be adequately compensated in an action at law. If successful, they will be able to compel defendants to remove any building they may have erected on the land, and collect *mesne* profits for its occupation.

The order to show cause must be discharged, the costs to abide the event of the suit.